## No. 13,875.

STATE EX REL. CHARLES A. GREEN VS. HON. CHARLES V. PORTER, JUDGE ET ALS.

### SYLLABUS.

The Supreme Court will not, under its supervisory powers, review in a criminal case the correctness of the conclusions of the judges as to the admissibility and force and effect of evidence.

A PPLICATION for Writs of *Certiorari* and Prohibition.

---

*Nettles & Teer* for Relator.

---

The opinion of the court was delivered by

NICHOLLS, C. J.   Relator sets out in his application to this court for writs of prohibition and *certiorari,* that he was indicted and convicted in the Parish of Red River for having violated Section No. 910 of the Revised Statutes; that he applied for a new trial and filed a motion in arrest of judgment, relief as to both of which was refused; that he had

TERM OF 1900-1901.            539

State ex rel. Green vs. Judge et als.

been sentenced to pay a fine of one hundred and fifty dollars and in
default of payment to an imprisonment of sixty days. That his case
is unappealable.

He avers that he was convicted, notwithstanding there was no evi-
dence on which to found the verdict of guilty. He recites what he
claims to have been the testimony adduced on his trial, and urges that
the jury and court in holding him guilty of violating the statute for and
on account of the acts done by him, as shown by that evidence, miscon-
strued the law and misapplied the facts.

He sets out in his petition what he avers to be a copy of the indict-
ment. He avers that a great wrong has been done him and that he is
entitled to a writ of prohibition and *certiorari* to be issued under the
supervisory powers of the Supreme Court, that it might pass upon the
evidence adduced at the trial, to the end that it might examine if the
district judge had not gone beyond the evidence in applying the law
and erroneously construing the law. His prayer is that the district
judge, the district attorney, and the district clerk, be commanded to
take no further action in the case, and that the record of the case, with
a statement of facts, be sent up so that the Supreme Court may pass
on the regularity, legality and validity of the judgment of conviction;
that upon a trial of the issue the court declare that relator was not
guilty, for the reason that there was no sale made by him in the Parish
of Red River, and that his conviction of the offence charged against
him be declared illegal and void and that he be dismissed from further
custody of the court, and that on final trial the writ of *certiorari* be
sustained.

Relator urges no complaint against the legality of any of the proceed-
ings in the case; he does not pretend that the court did not have juris-
diction of the premises; he does not set forth any act of omission or of
commission by the court striking the verdict or the judgment of court
with nullity; he makes no showing whatever as to the insufficiency of
the indictment in law. What he seeks is to have this court "review"
the case merely as to the correctness of the ruling of the District Court,
and the conclusions that the court, upon the admissibility and suffi-
ciency of the evidence, adduced. We cannot do this.

Our power of "review" is derived from Article 101 of the Constitu-
tion and is limited to judgments rendered on appeal by the Court of
Appeals, and not to judgments rendered by District Courts in the exer-
cise of their original jurisdiction. We do not understand relator to
predicate his application upon that article of the Constitution, but upon

the supervisory powers vested in this court by Article 85. Our authority, under the latter article is a "supervisory" not a "revising" power; misapplication of law to any given state of facts is not excess of jurisdiction, but error. (45 Pac. Rep. 104).

We had occasion in State *ex rel.* Satcho vs. Judge, 49 Ann. 231, and State *ex rel.* Kockritz vs. Justice of the Peace, 49 Ann. 1227, to discuss the powers of this court under our supervisory jurisdiction in respect to criminal proceedings. To the opinions in those cases we refer. The application made herein is refused.