## No. 14,268.

## THOMAS AND J. E. CRICHTON VS. WEBB PRESS COMPANY, LIMITED.

### SYLLABUS.

An appeal is perfected by the filing of the appeal bond. From an order appointing
of refusing to appoint a receiver under Act 159 of 1898, the appeal must be
perfected before the expiration of ten days from the entering of such order
appointing or refusing to appoint a receiver.

APPEAL from the Second Judicial District, Parish of Webster.—
Watkins, J.

*Wise & Herndon,* for Plaintiffs, Appellants.

*L. K. Watkins,* for Defendant, Appellee.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiffs and appellants brought suit against
the defendant, asking the appointment of a receiver under Act No.
159 of 1898.

Their demand was rejected and the appointment of a receiver was
refused. The trial was had in open court.

Crichton vs. Press Company, Limited.

A written opinion was read in open court and filed in open court on December 4th, 1901.

On December the 14th, 1901, on motion of plaintiffs, an order was granted them in open court for an appeal, suspensive or devolutive, "returnable to the Supreme Court at New Orleans in ten days, according to law."

An appeal bond was signed and filed on December 18th.

On December 22nd, Messrs. Wise & Herndon, attorneys of plaintiff, filed a motion in this court praying that the return day for filing the transcript of appeal be extended to the 3rd of January, 1902. The applicants stated that they filed with the motion the affidavit of the clerk of the District Court, showing that he would require further time to complete the transcript of appeal.

The paper referred to was not an affidavit, but a certificate of the clerk of the District Court, under the seal of the court, dated December 21st, 1901, in which he certified to the fact of the rendering of the judgment in favor of the defendants, the fact that an order of appeal, suspensive and devolutive, had been applied for and granted on the 14th of December, returnable to the Supreme Court in New Orleans in ten days, according to law; that the transcript in the case was tedious and could not reasonably be made in the length of time allowed by the order of the District Court. The clerk asked that the time be extended at least ten days.

The court was not in session when the motion was presented, but it was received and ordered to be filed by the clerk here. The Supreme Court only met on the 6th of January, 1902. On the 30th of December, 1901, the defendants, through their counsel, applied to the Supreme Court for an order from it directing its clerk to issue a certificate showing abandonment of appeal, and applying in the alternative for a dismissal of the appeal.

On the 2nd day of January, 1902, the plaintiffs filed the transcript of appeal.

The court directed these various documents to be filed by its clerk as of date of receipt by him.

The grounds assigned by the defendants for having a certificate of abandonment issued, or the appeal dismissed, were that, under Act No. 159 of 1898, the appeal from a judgment appointing or refusing to appoint a receiver must be perfected in ten days from the signing of the order appointing or refusing to appoint a receiver; that there

was no timely motion made for the granting of an appeal; that the order of appeal granted on the 14th of December, was not timely; that the bond filed on the 18th of December was too late, as more than ten days had elapsed from the entry of the order and judgment refusing to appoint a receiver; that if the order of the judge in granting the appeal was timely, it could only carry out the statute and have the effect, as it implies, of making the appeal returnable "according to law" equivalent, as it were, to an order entered *nunc pro tunc;* that such an order could not have the effect of granting to the appellant twenty days in which to perfect the appeal, when the statute only gave ten days; that the application of the plaintiffs, filed in the Supreme Court on the 23rd of December, 1901, could have no legal effect and stand in the way of granting the certificate, for the reason that the appeal was not perfected, and the appeal bond in the lower court was not filed in time, and the application to have the return day extended was not filed in time and could not be considered by the court, and it was not made under oath and in due form.

The practice of this court has been to permit applications for extension of return days, made to the court when it was not in session, to be filed by the clerk on the day of their receipt, and to act thereon *nunc pro tunc* on the first judicial day of the court thereafter by an *ex parte* order, but granted "without prejudice."

Appellees having contested the right of the plaintiffs to have been granted an extension, and the right to be heard on appeal, we have examined the rights of both parties in the premises.

In view of the fact that at the time appellee applied to have this court direct its clerk to issue a certificate of abandonment of appeal, appellant had already prayed for an extension of the return day of appeal, it was deemed best not to act *ex parte,* but to decline the application and let matters be tested contradictorily on the motion to dismiss the appeal, and it was so ordered.

If, at the time the application for an extension of time was filed in the Supreme Court, plaintiffs had already lost their right of appeal, any order of ours granting the application would have to be set aside on opposition thereto as having been improvidently made. The first question is, therefore, whether at that time plaintiff's right of appeal had lapsed. The appeal in this case was taken by plaintiffs who were demanding to have a receiver appointed to the defendant corporation from a judgment rejecting their demand.

The 4th section of Act No. 159 of 1898, a statute specially regulating the practice of appointing receivers of corporations under Articles 109 and 133 of the Constitution, gives to any party interested an appeal from the judgment of court which may be rendered on such an issue. The section declares that "such appeal must be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver. Such appeal shall be returnable in ten days from the date of such order and shall be tried by preference in the appellate court. Any interested party may apply within thirty days after the entry of the order of appointment of a receiver, to vacate same on legal or just grounds, and may appeal from an adverse judgment, but shall not suspend the functions of said receiver."

The short period granted for the taking and perfecting of such an appeal was, doubtless, intended to provide specially for the case of an appeal from an order "appointing" a receiver in view of the importance of a quick determination of the issue. The importance is not so great, perhaps, where the application has been refused, but be this as it may, the statute has made no distinction between the two cases. Under the terms of the statute the plaintiff was called upon to take and perfect his appeal within ten days from the date of the judgment. This means he must have obtained an order of appeal and furnished a bond under the order within the delay fixed. An appeal is perfected by the furnishing of a bond and not necessarily by the filing of the transcript in the case within that time. That time may be extended by the appellate court for good and sufficient reasons assigned. The District Court, in this case, when applied to, made the appeal returnable in ten days "according to law." The order did not state it was returnable in ten days from the order granting the appeal, but in ten days "according to law." Counsel of appellants construed the order to mean as if it read "returnable in ten days hereafter," and on that theory executed their bond on the 18th of December, while, in fact, the time limit for perfecting the appeal under the statute had expired. The effect of the order of appeal construed as appellants construed it, was to make the period for the perfection of the appeal twenty days instead of ten, as "the ten days according to law" were at the date of the order of appeal then expiring. The obvious belief of both the District Judge and appellants' counsel was that the judge was authorized to fix and extend the "return day" under Section 31 of the Revised Statutes.

Section 31 declared that "in all cases the judge of the court from

which an appeal is taken shall make the appeal returnable to the appellate court at the next return day for appeals from the parish, if there shall be time enough after granting, to give notice required by law *and to prepare the record,* if not then he shall fix this return day for the following term day."

Act No. 92 of 1900 enacted that " the judges of the District Courts throughout the State (the Parish of Orleans excepted) shall fix the return days in all civil cases appealable to the Supreme Court, provided that the judge shall fix the return day in the order granting the appeal which shall not be less than fifteen, nor more than sixty, days from the *date of the orders,* except by consent," and further enacted that all laws or parts of laws in conflict therewith were thereby repealed, and that the act take effect from and after its passage.

We are satisfied, from an examination of the transcript which has been filed, that it would have been difficult to have prepared it during a term of court in ten days, though nothing is said in the application for or in the order of appeal of the necessity of any extension on that account. There is no doubt that had the appellant executed a bond on the 14th of December, the day upon which he applied for and obtained an appeal, he would, thereby, have "perfected" his appeal, under the terms of the law, leaving open the transmission of the record as a separate and independent question for later consideration and action. He did not do so, evidently relying upon the right and power of the judge to fix the return day at ten days from the date of the order of appeal.

Appellee contends that Act No. 159 of 1898 is a special law providing for a particular class of cases, and is unaffected by Section 31 of the Revised Statutes of 1900, and they cite State *ex rel.* Carig, 104 La. 538, in support of this position.

We are very reluctant to dismiss appeals, but appellees have legal rights in this matter which we are not permitted to disregard. Appellees' position is correct and we are compelled to dismiss the appeal. Appellants should, on the rendering of a judgment against them, have applied, at once, for an appeal, and the court should have fixed the return day according to the terms of the law, leaving to them to apply to this court for an extension of time to file their transcript if they found it could not be completed in time for the return day.

The appeal is hereby dismissed.