On Motion to Dismiss.
NICHOLLS, C. J.
Defendants have filed a motion to dismiss the appeal herein, on the grounds:
(1) That plaintiff and appellant has abandoned his appeal.
(2) That plaintiff and appellant has failed to comply with the statute authorizing appeals in cases of this kind.
(3) That this being a case arising under article No. 159 of 1898, entitled “An act to authorize and regulate the practice in, the appointment of receivers,” and the court having refused to appoint a receiver of defendant corporation, and having dissolved the writ of injunction obtained by plaintiff, the-appeal should have been made returnable to this court “in ten days from the date of such order,” as required by section 4 of said act.
(4) That, plaintiff having failed to make his: appeal returnable in 10 days from the date of the order refusing to appoint a receiver and dissolving the preliminary writ of Injunction as required by said statute, and having-failed to return and file the transcript of the-record in this court within the time fixed by said statute, be has thereby abandoned hi® appeal, and it should be dismissed.
After the present motion had been made, one of plaintiff’s counsel filed an affidavit, in which he deposed that as such he moved for the appeal; that he prepared and wrote the motion of appeal which was filed in the court a qua; and that neither in said motion, nor orally, nor in any other manner, did he, theaffiant, or any of the other attorneys for the-plaintiff, suggest a return day for the said appeal; that blank spaces were left in the order-appended to the said motion for the insertion therein by the judge a quo or the clerk of his court of the said return day and -the-amount of the axspeal bond. And on information and belief affiant swore that the-word “first” in the fourth line from the bottom of the order and the word “November”' in the third line were written’by G-. P. Malloy, minute clerk of the court a qua, and the-words “one hundred” in the second line from the bottom thereof were written by the judge-himself, and affiant swore “that the determination of the appeal herein in the said order of appeal cannot and ought not to be imputed to him or to the plaintiff or any of his attorneys.”
The motion prepared for the action of the-court was as follows: “On motion of Boatner, Dodds and Boatner and Andrew W *661 Buehman, attorneys for the plaintiff, and on suggesting that there is error to the prejudice of plaintiff in the judgment herein rendered on the 25th of September and signed on the 1st day of October, that he is aggrieved thereby, and. desires to appeal suspensively and devolutively therefrom:
“It is ordered that the plaintiff be, and he is hereby, granted suspensive, and devolutive appeals therefrom, returnable in the honorable Supreme Court of Louisiana on the - Monday of the month of -, 1Ü02, upon his furnishing security according to law in the sum of - dollars for the suspensive appeal and in a like sum for the devolutive appeal.”
The ruling appealed from was signed on the 1st of October, 1902, the order of appeal was granted on the same day, and the bond of appeal filed on the 2d of October. The transcript was filed on the 4th of November. This court met for the first time in open session after the order of appeal was granted on the 3d of November.
Appellees’ counsel, in support of their motion to dismiss, refer the court to section 4 of Act No. 159 of 1898; State ex rel. Garig v. Judge, 104 La. 472, 29 South. 18; Crichton v. Webb Press Co., 107 La. 86, 31 South. 648; Davies et al. v. Water Co., 107 La. 145, 31 South. 694; State v. Moore, 52 La. Ann. 605, 26 South. 1001; State v. Barranger, 106 La. 352, 31 South. 13; Encyda. of Law & Procedure, vol. 3, 122; Code Prac. arts. 574, 883, 884; Act No. 45 Ex. Sess. 1870, § 4; and Act No. 92 of 1900.
By the eleventh section of Act No. 45 of the Extra Session of 1870 it is provided that “no appeal shall be dismissed on account of any defect, error or irregularity of the petition, citation or order of appeal, or in the citation of appeal or service thereof, or because the appeal was not made returnable at the next term of the Supreme Court, or on a proper day, whenever it shall not appear that such defect, error, or irregularity may be imputed to the appellant, but in all cases the court shall grant a reasonable time to correct such defects, errors or irregularities, in case they are not waived by the appellee and may impose on the appellant such terms and conditions as in its discretion it may deem necessary for the attainment of justice.”
By the fourth section of the same act it is declared that “if the Supreme Court shall not be in session on the day fixed for the return day of any case it shall be sufficient for the appellant to file the record within three judicial days at the first session of the Supreme Court thereafter.”
It will be seen that the objection urged in this motion is not that the motion for the appeal, the order of appeal, and the bond of appeal were not timely, but that the “return day” mentioned in the order of the court was not that fixed by the law; that by law “the appeal was returnable in ten days from the order.” There was unquestionably error in the order of the court in this respect. But should this court make that error carry with it the dismissal of the appeal under the circumstances of this particular case?
The record shows that the case was tried with all parties in court. The judgment and the date of the judgment were known to all, as was also the fact that an application for an appeal had been made and granted. Appellees knew that the proceeding was one in which the return day was fixed by the law, and not by the judge, and that, if it was fixed otherwise, it was error. When the return day mentioned by the judge was reached, appellees had a right to object to making an appearance in the court upon a day other than that which the law itself had designated; but was it not their duty, under the special facts of this ease, to be in this court on the 3d of November, 1902, and for three days thereafter, the time to which the return day was postponed by the law itself? State v. Hampton, 33 La. Ann. 1252; State v. Butler, 35 La. Ann. 392; State v. Corcoran, 38 La. Ann. 950; State v. Joseph, 40 La. Ann. 6, 3 South. 405. Did the error of the judge in giving a wrong day in his order of appeal cause them to occupy a position other than that which they would have held had the return day been correctly stated?
Had the error not occurred, the return day of the appeal would have found this court in vacation, and this particular case not triable on appeal at chambers, but by preference in open court. Under such circumstances the appellant would have been authorized by the fourth section of Act No. 45 of the Extra Session of 1870 to have withheld filing the transcript in the case, until after the opening of this court in November, by force *663 of the law itself. The appellees therefore suffered no injury by the error. They would be precisely where they would have been had the return day been correct.
(Jan. 19, 1902.)
If the district judge, in granting an appeal to the party applying for it, should fix for the return day when this court is in session a date later than that at which it was returnable by the law itself, the appellee unless there were some exceptional facts in the case, could ignore the date fixed by the judge, and obtain from this court the certificate as authorized by article 589 of the Code of Practice. If the transcript of appeal should not have been filed here within the legal delays, appellant would be bound to know that he could not rely upon an unauthorized return day, but an appellee could not obtain this certificate under circumstances such as are shown in the present case. Appellant could not be presumed to have abandoned his appeal. We are very reluctant to dismiss appeals, even if there be error or irregularity, where there is no injury; and under the law we should not do so where the fault is not imputable to the appellant. We do not think the present appellees could possibly have been misled in this ease by the wrong date given in the order of appeal. They have made no showing that they were in fact misled to their injury.
We think the appeal should be maintained. The dismissal of the appeal is refused.