On Motion to Dismiss.
LAND, J.
On July 13, 1914, in the suit of People’s Bank v. De Soto Hardware Company, an order was granted appointing a receiver to the defendant company.
On July 21, 1914, an appeal from said order was granted to the Shreveport Saddlery Company, a creditor of the defendant, and was made returnable to the Supreme Court “in ten days from dáte of order.”.
On July 23, 1914, the appeal bond was filed.
On July 27, 1914, citations were issued and served on one of the appellees the same day and on the other the day after.
On August 1, 1914, the transcript of appeal was filed in the Supreme Court.
[2] On August 4, 1914, the appellee moved to dismiss the appeal on the ground, among others, that the appeal was not made returnable and the citations were not issued and served, and the transcript was not filed in the Supreme Court, within ten days from the entry of order appointing the receiver. In other words, the contention of the appellee is that the ten days allowed for the return of the appeal did not commence to run from the date of the order of appeal, but from the date of the entry of the order appointing the receiver.
The appeal was taken pursuant to section 4 of Act No. 159 of 1898, which reads as follows:
“Be it further enacted, etc.: Any person or persons who by affidavit appear to be interested, on giving bond in a sum to be fixed by the court, may appeal in (on) the face of the record from any order appointing, or refusing to appoint a receiver, granting, or refusing to grant an injunction as aforesaid; such an appeal when perfected shall have the effect of suspending the functions of such receiver, except to perform such administrative acts as may be necessary for the preservation of the property; provided that such appeal must be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver, or granting or refusing to grant an injunction. Such appeal shall be returnable in ten days from the date of such order, and shall be *1030 tried by preference in the appellate court. Any interested party may apply within thirty days after the entry of the order of appointment of a receiver to vacate same on legal or just grounds and may appeal from an adverse judgment, cut such appeal shall not suspend the functions of said receiver in any way. The value of the property confided to the receiver shall determine the jurisdiction of the appellate court.”
Appellees argue that an appeal is not “perfected” in the sense of said section until the transcript is lodged in the appellate court.
In Crichton v. Press Co., 107 La. 86, 31 South. 648, this court, in the case of an appeal taken under the same section, said:
“Under the terms of the statute, the plaintiff was called upon to take and perfect his appeal within ten days from the date of the judgment. This means he must have obtained an order of appeal and furnished a bond under the order within the deiny fixed. An appeal is perfected by the furnishing of a bond, and not necessarily by the filing of the transcript in the case within that time. * * *
“There is no doubt that, had the appellant, executed a bond on the 14th of December, the' day upon which he applied for and obtained an appeal, he would thereby have ‘perfected’ his appeal, under the terms of the law, leaving open the transmission of the record as a separate and independent question for later consideration and action.”
The section provides that “such appeal shall be returnable in ten days from the date of such order, and shall be tried by preference in the appellate court.” The words “such order” refer to the order of appeal. To hold that they refer to the order appointing the receiver would eliminate, or greatly abridge, the ten days allowed by the statute for the return of the appeal. The clear intent of the law is to allow ten days from the entry of the order of appointment for the taking of the appeal and furnishing bond, and ten days from the date of the order of appeal for the return of the appeal.
The construction of the appellees' reads out of the text the ten days allowed by the statute for the return of appeals, and substitutes therefor the time, if any, between the date of the order of appeal and the expiration of the ten days from the entry of the order appointing a receiver. Under such a construction, the time allowed for the return of appeals might vary from nine days to one day or less. We feel assured that the lawmaker never intended to abridge the very short allowance of ten days for the return of appeals. In the nature of things a delay for the return of an appeal cannot commence to run before the appeal has been granted.
The order granting the appeal was signed in chambers on July 21st, but was not filed until July 23d, and the bond was furnished on the same day. Hence the appeal was perfected within 10 days from the entry of the order of appointment. The transcript was filed in the Supreme Court on August 1, 1914, and, if not on the return day, on the first of the three days of grace allowed for the filing of appeals under Act No. 159 of 1898. Posner v. Blow Pipe Co., 109 La. 658, 33 South. 641.
The fifth ground of the motion is that the transcript does not show that the value of the property confided to the receiver exceeds $3,000 as alleged in the petition for the appellant. Since the motion was filed the transcript has been supplemented by documents showing that over $37,000 of assets passed into the hands of the receiver.
The sixth and last ground of the motion reads as follows:
“That if any nullities existed in the proceedings leading up to the appointment of the receiver herein, same cannot be attacked collaterally by a person who is not a party of record in the original suit, and furthermore appellant herein is not a party of sufficient interest, as provided by law, to prosecute an appeal herein, that the interests of the appellant herein are safe-guarded by the remedy afforded to it by the appointment of a receiver.”
The appellant in its petition for the appeal alleged under oath that it was a creditor of the defendant corporation in a sum exceeding $600; that the order appointing the receiver was contrary to the law and the *1032 evidence as shown by record; and it had an interest in the reversal of said order.
[1] Section. 4 of Act No. 159 of 1898 provides that:
“Any person or persons who by affidavit appear to be interested, on giving bond in a sum to be fixed by the court, may appeal in (on) the face of the record from any order appointing * * * a receiver.”
All of the creditors of the defendant corporation are certainly interested in the question of the appointment vel non of a receiver. Appellant, as a creditor, has the legal right to assail the validity of the order of appointment, by appeal therefrom, on the face of the record. The appeal granted by the statute would be nugatóry without the right to attack the validity of the order. Whether there be any merit in the appeal is another question.
For the foregoing reasons the motion to dismiss is overruled, at appellee’s costs.
Note. — On November 10, 1914, counsel for plaintiff and appellee and counsel for the Shreveport Saddlery Company, Limited, appellant, agreed to dismiss the appeal, and on November 13th the court ordered this appeal, in compliance with the wishes of counsel, to be dismissed, at the cost of appellant.