TATE, Judge.
Applying to the supervisory jurisdiction of this Court in aid of its appellate jurisdiction, Art. 7, Section 2, La.Const., LSA, Putnam & Norman, Inc. v. Levee, 179 La. 180, 153 So. 685, defendant’s application for writs of certiorari, review, and mandamus is based upon the action of the Court below in recalling a previously issued order of appeal and in refusing to grant defendant either a devolutive or suspensive appeal herein. Hearing was held on the rule issued by us under our supervisory jurisdiction ordering the respondent court to show cause why the relief prayed for should not be granted.
On April 15, 1957, after hearing and application for rehearing, the District Court signed a judgment granting plaintiff City a preliminary injunction in accordance with the prayer of its petition. On April 24, 1957, defendant obtained an order of suspensive and devolutive appeal to this Court, the bond for which was fixed at $300. On May 6, 1957, plaintiff City moved that the order of appeal previously issued be recalled and set aside since the “defendant herein failed to perfect his appeal within the delays fixed by law”, which motion was tried and granted on May 20th.
Defendant then applied to this court for writs in aid of its appellate jurisdiction, urging upon the basis of the appeal bond filed by him on May 17, 1957 that the District Court was divested of jurisdiction to recall its previous order granting an appeal, citing Harnischfeger Sales Corp. v. Sternberg Co., 177 La. 373, 148 So. 440. For, as we reiterated recently in Hotel Donaldson Co. v. Anderson Hotels of Louisiana, La. App., 75 So.2d 884, ordinarily the trial court is divested of jurisdiction by the filing of the appeal bond in accordance with the order of appeal, except to test the sufficiency of the appeal bond and to forward the transcript to the appropriate appellate tribunal.
But defendant-relator’s argument overlooks the statutory provision governing appeals from the granting of, or failure to grant, preliminary injunctions, which is here applicable, LSA-R.S. 13:4070, providing in part: “* * * Any appeal, devolu-tive or suspensive, must be taken and bond furnished within ten days from entry of such order or decree, * *
Although on April 24th the defendant-relator obtained an order of appeal within ten days of the judgment dated April 15th granting the preliminary injunction, the appeal bond was not filed until May 17th, or not until 32 days after entry of the judgment. Aside from the specific provision in the applicable statute above-quoted, the law is well settled that an appeal is not perfected within the time prescribed by law when the appeal bond is not filed prior to the expiration of such time. Schneider v. Manion, 217 La. 118, 46 So.2d 58; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 141; Lafayette v. Farr, 162 La. 385, 110 So. 624; Crichton v. Webb Press Co., 107 La. 86, 31 So. 648; Graves v. Merrill Engineering Co., La.App. 2 Cir., 148 So. 453.
Citing such cases, and dismissing an appeal as “absolutely null” where both order and bond were subsequent to the year permitted under Article 593, C.P., for devolu- *243 tive appeals, in Arnold v. Arnold, 217 La. 362, 46 So.2d 298, our Supreme Court stated that “the appellate court does not acquire jurisdiction of appeals which have not been taken and perfected by the filing of bond within the prescribed time”, 46 So.2d 299.
Thus the trial court was not divested of jurisdiction by the present absolutely null attempted appeal and did not lack power to rescind the improvidently granted order of appeal. See also Vallee v. Hunsberry, 108 La. 136, 32 So. 359.
For the above and foregoing reasons, the rule previously issued herein is recalled, and relator’s application for writs of certi-orari, mandamus, and prohibition is denied.
Writs denied.