143 So.2d 739 (1962)
MEYERS, WHITTY & HODGE, INC.
v.
POPICH MARINE CONSTRUCTION, INC., et al.
No. 854.
Court of Appeal of Louisiana, Fourth Circuit.
August 16, 1962.
*740 Robert E. Le Corgne, Jr., New Orleans, for Albert V. Villegas, appellant.
Albert J. Flettrich, New Orleans, for plaintiff-appellee.
Lloyd J. Cobb, and Dudley Yoedicke, New Orleans, for defendants-appellees.
Before McBRIDE, SAMUEL and HALL, JJ.
SAMUEL, Judge.
This is a motion to dismiss an appeal from a judgment appointing a receiver for each of five defendant corporations, Popich Marine Construction, Inc., Pompco, Inc., Nick P. Popich Transportation Co., Inc., D. & B. Corporation and Popich Well Service, Inc. The appeal was taken by Albert A. Villegas, a creditor of two of the corporations, Popich Marine Construction Co., Inc. and Pompco, Inc.
The motion, filed by the receiver appointed in the judgment, is based on the following grounds: (1) the transcript of appeal was not timely filed in this court; (2) the petition for appeal fails to pray for any specific relief, assigns no reason for the appeal and fails to indicate any injury to the appellant; and (3) appellant and his attorney acquiesced in the judgment appointing the receiver. The motion alleges that the appeal bond is far too low and also seeks damages for frivolous appeal.
The judgment appointing the receiver is dated July 2, 1962. The order granting the appeal, which makes the appeal returnable to this court on July 17, 1962 and sets the appeal bond in the amount of $500.00, was signed by the trial judge on July 11, 1962 and on the same day, July 11, the bond was furnished. The record was lodged in this court on July 17, 1962.
Appeal in this case is governed by LSA-R.S. 12:755, formerly Act 159 of 1898, § 4 (the revised statute and § 4 of the act being identical insofar as we are here concerned), which reads as follows:
"§ 755. Appeals; effect; time for taking appeal; vacating order appointing receiver
Any person who by affidavit appears to be interested, in giving bond in a sum to be fixed by the court, may appeal on the face of the record from any order appointing, or refusing to appoint a receiver, granting, or refusing to grant an injunction as aforesaid. Such an appeal when perfected shall have the effect of suspending the functions of the receiver, except to perform such administrative acts as may be necessary for the preservation of the property. Such appeal must be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver, or granting or refusing to grant an injunction. Such appeal shall be returnable in ten days from the date of such order, and shall be tried by *741 preference in the appellate court. Any interested party may apply within thirty days after the entry of the order of appointment of a receiver to vacate same on legal or just grounds, and may appeal from an adverse judgment, but such appeal shall not suspend the functions of said receiver in any way. The value of the property confided to the receiver shall determine the jurisdiction of the appellate court."
The emphasized portion of the quoted statute is pertinent to mover's first contention. As the judgment was signed on July 2nd and the order of appeal was signed, and the appeal bond furnished, on July 11th, nine days later, and as an appeal is "perfected" by the filing of the appeal bond (see City of Baton Rouge v. Kiper, La.App., 96 So.2d 241; Sklar v. Kahle, 196 La. 137, 198 So. 883; Crichton v. Webb Press Co., 107 La. 86, 31 So. 648) the appeal was "taken and perfected" within the ten days required by the statute.
The important question presented by the motion is to be found in the first part of the second emphasized sentence: "Such appeal shall be returnable in ten days from the date of such order, * * *" Does "such order" refer to the judgment or order appointing or refusing to appoint a receiver or does it refer to the order of appeal? In the instant case, if the reference is to the order appointing or refusing to appoint, the record having been lodged in this court fifteen days after the date of that judgment, such lodging was late, beyond the return day set by the statute, and the appeal must be dismissed. For under the settled jurisprudence, regardless of what the trial judge may have said of the return day, the statute is mandatory and the return day fixed therein must be observed under penalty of dismissal of the appeal. Stringer v. Consumers Credit Corporation, La.App., 97 So.2d 453; Naef v. Miller-Goll Mfg. Co., 174 La. 232, 140 So. 32; Louque v. Hercules Oil Co., Inc., 165 La. 143, 115 So. 416; Crichton v. Webb Press Co., supra. If on the other hand "such order" refers to the order of appeal, mover's first contention is not well founded for, the order of appeal having been signed on July 11th and the record having been lodged in this court on July 17th, the time between the order of appeal and the lodging of the record was less than ten days.
The word "order" is used in only two places preceding the "such order" we are discussing and in both of these instances the order referred to is that which appoints or refuses to appoint a receiver. It would seem, therefore, that the order referred to in the second emphasized sentence is that involving the appointment or refusal to appoint and not the order of appeal, no mention being made of the latter anywhere in the statute. But if the allowance of ten days for preparing and filing the transcript in the appellate court means an allowance of only ten days from the date of the judgment or order appealed frominstead of ten days from the date of the order granting the appealthe provision allowing ten days in which to take and perfect an appeal has no meaning at all. Ordinarily, the delay for the return of an appeal does not commence to run before the appeal has been granted.
The cases of Louque v. Hercules Oil Co., Inc., supra, and Crichton v. Webb Press Co., supra, may be interpreted as intimating that the ten days in which the appeal is made returnable by the statute should be computed from the date of the order appointing or refusing to appoint the receiver and not from the date of the order of appeal. But in both cases such an intimation would be obiter dicta. See Sklar v. Kahle, supra.
We have found one Supreme Court case directly in point which we are required to follow. That case is People's Bank v. DeSoto Hardware Co., 135 La. 1027, 66 So. 349, and it holds that under Section 4 of Act 159 of 1898, now LSA-R.S. 12:755, appeals are returnable in ten days from the date of the order of appeal. Therefore, this appeal was timely taken.
*742 We are also of the opinion that mover's second contention relative to the petition for appeal failing to pray for specific relief, etc., is not well founded. The statute gives to an interested person the right to appeal on the face of the record from a judgment or order appointing a receiver. There is no contention that appellant is not an interested person; he has established that fact by affidavit in compliance with the quoted statutory requirement. And we know of no law, nor has any such law been pointed out to us, which requires that the petition or motion for appeal itself pray for specific relief or assign any reason for the appeal or indicate in what manner appellant has been injured by the judgment appealed from. Lee v. Foley, 113 La. 663, 37 So. 594. Under Article 571 of our former Code of Practice, which gave the right of appeal to third persons not parties to the suit, such third persons were required to allege that they had been aggrieved by the judgment. An allegation to that effect is contained in the present appellant's petition for appeal. And the law applicable to the instant case, LSA-C.C.P. Art. 2086, which now replaces Art. 571 of the Code of Practice, makes no such requirement.
Nor are we impressed by the contention that the appellant and his attorney acquiesced in the judgment appointing a receiver. The applicable law is contained in LSA-C.C.P. Art. 2085, the pertinent portion of which provides: "An appeal cannot be taken by a party * * * who voluntarily and unconditionally acquiesced in a judgment rendered against him." The jurisprudence is to the effect that to lose the right of appeal there must be an unconditional, voluntary and complete acquiescence in the judgment by the appellant, who must have intended to acquiesce and abandon his right to appeal. Zeringue v. Administrator, Division of Employment Sec., Dept. of Labor, La.App., 127 So.2d 91; Culpepper v. Slater, La.App., 131 So.2d 76; Succession of Franz, 238 La. 608, 116 So.2d 267; Kendrick v. Garrene, 231 La. 462, 91 So.2d 603; Scott v. Scott, 218 La. 211, 48 So.2d 899.
In the instant case appellant and his attorney were present in court on the date the judgment appointing the receiver was signed. But appellant was not a party to the suit nor was he present pursuant to a notice of any kind. The record contains a statement by the trial judge to the effect that, on a date subsequent to the taking of the appeal and the hearing of a motion relative to the appeal bond, appellant's attorney stated to the court that he and his client felt that as a matter of law Popich Marine Construction, Inc. could and should perform a contract which had been entered into by said corporation with the Plaquemines Parish Commission Council and, in any event, appellant would not raise any objection to the corporation performing said contract. Nothing else in the record suggests acquiescence and counsel's statement certainly cannot be considered as an unconditional acquiescence in the judgment appointing the receiver.
Under LSA-C.C.P. Art. 2088 the trial court now retains jurisdiction, despite the perfection of an appeal, for the purpose of considering objections to the form, substance and sufficiency of the appeal bond. Therefore mover's complaint that the appeal bond in this case is too low must be made before the trial court. We have authority to consider only the trial court's action thereon.
In addition to the fact that the instant motion is denied and the appeal not dismissed, a demand for damages for frivolous appeal cannot be made on a motion to dismiss the appeal; it can only be requested in an answer to the appeal and resolved after a hearing on the merits. Kendrick v. Garrene, supra.
The motion to dismiss the appeal is denied.
Motion denied.