479 So.2d 990 (1985)
CHALMERS CORPORATION, d/b/a National Foundation Repairs Company, Plaintiff-Appellant,
v.
Ronald W. CARNELL, Defendant-Appellee.
No. 84-911.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
Ronald E. Dauterive, Lafayette, for plaintiff-appellant.
J. Lomax Jordan, Jr., Lafayette, for defendant-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
GUIDRY, Judge.
In this suit, plaintiff-appellant seeks to enforce a non-competition agreement against a former employee. The trial court granted a summary judgment in favor of the employee, and plaintiff-employer, appeals. We affirm.
The plaintiff, Chalmers Corporation, d/b/a National Foundation Repairs Company, performs a highly specialized form of foundation repair. Defendant, Ronald W. Carnell, was employed by Chalmers Corporation on July 17, 1981, and was so employed until his termination on or about October 7, 1983. During his employment with Chalmers, defendant signed an employment contract which contained provisions wherein the defendant agreed upon his termination of employment not to engage in any business activity which would compete with Chalmers within a land area 60 miles wide and approximately 300 miles long commencing at the western city limits of Houston, Texas, and ending at the western city limits of Kenner, Louisiana, the center line of said area being Interstate 10 and projecting 30 miles on each side. The non-competition clause was to be effective for a period of three years after the defendant terminated his employment. The employment contract, although affecting areas in both Texas and Louisiana, stipulated *991 that it was entered into in Louisiana and the general laws of Louisiana were to govern the contract in its entirety.
Defendant started out as a laborer for Chalmers and advanced to the position of foreman over a 2½ year span. During his employment, the defendant received mainly on the job training. However, he also attended a Zig Zigler sales seminar; a company meeting in Jennings; a second company meeting in Beaumont, Texas; and was, lastly, supplied with certain textbooks at plaintiff's expense. Chalmers also provided the defendant with a supply of business cards.
After the defendant terminated his employment with Chalmers, he went to work for a house construction company. Then, on February 15, 1984, well within the three year time period of the non-competition clause, he and three others founded a new business, Acadiana Foundation Repair Company, which performed foundation repairs within the geographic area described in the non-competition clause that defendant had signed with Chalmers.
Chalmers filed suit against the defendant basically alleging breach of contract and requesting an injunction to prohibit defendant from doing foundation repairs within the geographic area described.
This appeal presents only one issue: Did the trial court, upon the facts and law, err in granting a summary judgment to the defendant.
La.Code of Civil Procedure, Article 966, provides, in pertinent part, that:
"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B.... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
In Concrete Post-Tensioning, Inc. v. Armco, Inc., et al, 449 So.2d 712 (La.App. 3rd Cir.1984), this court observed that:
"La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor `if the pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law.' Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs denied, 403 So.2d 68 (La. 1981); cf. Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424 (5th Cir., 1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir., 1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)."
The present case, which involves a non-competition clause, is governed by LSA-R.S. 23:921, which states that:

*992 No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into the same business that employer is engaged over the same route or in the same territory for a period of two years.
In Louisiana, non-competition agreements are disfavored and are deemed contrary to public policy, except under circumstances outlined in this section relating to the employer's expenditure of substantial amounts in training the employee or in advertising the business. National Oil Service of Louisiana, Inc. v. Brown, 381 So.2d 1269 (La.App. 4th Cir.1980).
In the case of Orkin Exterminating Company v. Foti, 302 So.2d 593 (La.1974), the Louisiana Supreme Court spoke about the two exceptions to our State's policy against non-competition agreements. In regard to the advertising exception, the court stated at 597:
"If any employer extensively advertises a particular employee as the man to go to for the employer's type of services, it is not unfair to protect the employer's investment in this particularized asset by authorizing a limited non-competition agreement to prevent the advertised employee from misusing it."
In regard to the specialized training exception, the court said:
"If an employer spends a substantial sum affording special training to an employee, it may not be unfair to protect the employer by authorizing a limited non-competition agreement to prevent the employee from using this specialized training for the benefit of another in competition with his former employer. However, as the Conque line of cases holds, normal expenses of administration and supervisionsuch as employee sales and training meetings, the time spent breaking in a new employee, training courses in the administrative needs of the employer itselfcannot be considered the sort of `training' expense intended to justify the heavily disfavored non-competition agreement. Almost any employer could so tie his employees to their present employment by exacting a non-competition agreement."
After reviewing the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file, we conclude, as did the trial judge, that there is no genuine issue as to a material fact in this case, and that the defendant is entitled to a summary judgment as a matter of law.
We adopt the well reasoned opinion of the trial court:
"The plaintiff, by both pleading and affidavit alleged that substantial sums of money were expended in training the defendant. The defendant submitted interrogatories to the plaintiff, asking for explanation of these assertions. Interrogatory number Four asked for a description of all schools, seminars, and training programs attended by the defendant and paid for by the plaintiff. The plaintiff answered essentially as follows:
1) A Zig Zigler Seminar to improve sales ability, management ability and personal image. Cost $150.00
2) A company meeting at Jennings Holiday Inn, at which was discussed all phases of foundation repair, causes of settlement, etc. Cost $150.00
3) A company meeting at Beaumont Holiday Inn, at which was discussed all phases of foundation repair work, *993 problems encountered, etc. Cost $250.00
4) Defendant was supplied with certain textbooks at plaintiff's expense.
5) Much time was spent training defendant on-the-job.
6) Defendant was paid over $30,000.00, including benefits, in 1982 [which is nearly double what was paid the next highest paid employee]."
The Court finds that the various seminars and Company meetings attended by the defendant do not constitute substantial sums expended in training the defendant such as would invoke the training expense exception of R.S. 23:921. It is also clear that on-the-job training constitute usual and ordinary expenses of employee utilization, and can not be considered in invoking the training expense exception [See Orkin, supra]. Thus the Court holds that the `Restrictive Covenant' clause can not be enforced on the basis of the employer having expended substantial sums in training the employee.
By affidavit, the plaintiff also alleged that the Company expended sums in advertising which particularly promoted the defendant as a member of its operations. The defendat [sic] submitted interrogatories to the plaintiff on this point. Interrogatory number Five asked for a description of all advertising used by the plaintiff which referred to the defendant. The plaintiff answered essentially that it made no explicit references to the defendant in any of its advertisements. Interrogatory number Six asked for a description of any printed matter making reference to the defendant's connection to the business. The plaintiff answered essentially that the only items making reference to the defendant's connection with the business were business cards, which were printed for the defendant at a cost of $52.00.
The Court finds that the advertising expense exception does not apply to the facts of this case. Substantial sums were not expended in advertising the defendant's connection with the company, nor did the advertising hold out the defendant as being the employee to contact to obtain the services of the plaintiff's business. [See Orkin, supra]
Consequently, having carefully reviewed the record, the interrogatories and answers thereto, and affidavits submitted, the Court finds that there are no issues of material fact, and that the plaintiff does not fall within either of the two exceptions outlined by La.R.S. 23:921 and the jurisprudence thereunder. Thus the defendant is entitled to, and the Court hereby grants the defendant's motion for summary judgment as prayed for."
Defendant, in brief to this court, alleges that the plaintiff has filed a frivolous appeal. The defendant thus requests that we amend the summary judgment to award him damages for frivolous appeal. Defendant-appellee did not file an answer to plaintiff's appeal, therefore, this issue will not be considered. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956); Meyers, Whitty & Hodge, Inc. v. Popich Marine Construction, Inc., 143 So.2d 739 (La.App. 4th Cir.1962).
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.