The opinion of the court was delivered by
McEnery, J.
This is an application for writs of prohibition, mandamus and certiorari.
The relator alleges that he has a valid claim against the Louisiana Publishing Co., amounting to $3868.55, for paper furnished said company, and on which he has a vendor’s privilege; that he brought suit on said claim in the United States Circuit Court for the Eastern District of Louisiana, and obtained writs of attachment and sequestration, and in pursuance of same the property of said company was seized by the marshal; that one John D. Watson, illegally claiming to be receiver of said company, and illegally claiming to be in possession of the property seized under said writs in virtue of an appointment he received by one of the judges of the Civil District Court for the parish of Orleans, filed on the 30th day of May, 1893, in said Circuit Court a motion to set aside the writ of sequestration *1419 and attachment, and on the trial of said motion the judge of said court, on the 6th day of June, ordered that the marshal restore the property seized in the cause under writs of sequestration and attachment to said John D. Watson, receiver, unless within five days the plaintiff applies for and ultimately receives authority from the Civil District Court, parish of Orleans, which appointed Watson receiver, or from the appellate court, to hold same under said writs; that the relator applied within five days from the rendition of the judgment for authority to hold said property attached and sequestered under said writs; that said receiver, Watson, filed an exception to relator’s petition, that it disclosed no cause of action, which was sustained, and from which judgment he appealed. Before this judgment became final Thos. B. Lyons and D. J. Norwood sued out a rule on relation in Division A, Civil District Court, and on the marshal to show cause why they should not cease and desist from in any way interfering with said receiver in the possession of said property of the La. Publishing Co., or be punished for contempt of court, and that the receiver was ordered to show cause why he should not pay to Thos. B. Lyons $300 for the price of the lease of premises 41 Natchez street, occupied by said publishing company, and also why said receiver should not pay D. J. Norwood $300 for the price of the lease of 43 Natchez street, occupied by said company, both sides claiming the lessor’s privilege.
The receiver was also required to show cause why he should not deliver up said premises. In the rule there was a prayer to sell the property stored in said premises to pay said amounts. The rule was made absolute, so far as to order the sale of the property after thirty days’ advertisement, and to maintain the receiver in possession of the property, and to proceed in the execution of his duties. The receiver was ordered to pay rent for the month of October out of the proceeds of sale, and the rights of the lessors, the Remington Paper Co., and other creditors; reserved and referred to the proceeds. The relator applied for a suspensive appeal from this interlocutory order, which was refused. He applies to this court for the necessary process to compel the respondent judges to grant said appeal on the ground of irreparable injury in the execution of the order, as it amounts to an annulment of the suspensive appeal taken by the relator from the judgment dismissing his suit in which he applied for the recognition of his attachment and sequestration, *1420 and for the authority of the marshal to hold said property in virtue of said writs.
The prayer of relator is that writs of mandamus, prohibition, certiorari, issue from this court directed to the judge of Division A, Civil District Court, Orleans parish, compelling him to allow a suspensive appeal from the judgment rendered by him and signed September 19, 1893; that said judge of Division A, Civil District Court, and John D. W tson, claiming to be receiver, be prohibited from proceeding further in this case, so far as the property attached and sequestered is concerned, in suit No. 12,191 of the docket of the Circuit Court for the Eastern District of Louisiana, entitled Remington Paper Co. vs. Louisiana Printing and Publishing Co., and that said judge be -commanded to send to the Supreme Court certified copies of the proceedings in the suit of Frank H. Pope vs.'Louisiana Publishing and Printing Co., No. 39,100 on the docket of said court.
The receiver was appointed for the Louisiana Printing and Publishing Company on the application of Frank H. Pope on 17th May, 1893. The facts upon which the appointment of receiver was made are alleged in the petition to be insolvency of the company, the resignation of its officers, the abandonment of its franchises and the danger of the loss of its property. No appeal was taken from this order. The legality of the appointment of the receiver is not presented in the proceedings before us.
While the property of the company was in the hands of the receiver it was seized by writs of attachment and sequestration sued out by defendant in the United States Circuit Court.
It is a well established principle that where one of two courts of concurrent jurisdiction has taken cognizance of a eau e the other will not entertain jurisdiction of the same case. 8 Ohio, 373; 27 Vt. 518, Id. 470; 25 Barb. 513; 8 Md. 255; 4 Texas, 4; 19 Ala. 438; 1 Fla. 198; Massy vs. Gordy, Sheriff, 28 An. 586; Adams & Co. vs. Vaunis, 29 An. 315.
Recognizing this doctrine and applying it in the exercise of the rules of comity which exists among courts, the judge of the Circuit Court for the Eastern District of Louisiana ordered the release of the property seized under process from his court and referred the relator to the Civil District Court, parish of Orleans, having possession of and jurisdiction over the property for the r cognition of his seizure and the enforcement of his rights thereunder. No attach *1421 ment or sequestration proceedings are now pending in that court, nor does the marshal retain possession of the property.
In a proper case, in which property is liable to attachment, we have no doubt that the respondent judge, on process from the United States court, in the exercise of the rules of comity would order that the attachment levied by .the marshal should have the force of a constructive seizure when referred to him as in this case by the Federal judge.
In this case the property was not liable to be seized by a creditor while in the hands of the receiver. Property held by representatives, such as administrators, executors, trustees and receivers, holding under the orders of court, can not be seized by creditors. 1 Johnson Cases, 372; 9 Wendell, 465; 23 Ala. 369; 2 Dallas, 73, 79; 1 Martin, 202, 380.
The effect of an attachment or sequestration is to seize and hold property until it is subjected to the further orders of the court. Being already in the hands of an officer of the court for distribution among creditors, the object to be accomplished by a seizure is already attained.
Basing his rights upon the seizure by virtue of the writs from the United States Circuit Court, and having been referred to the court having jurisdiction of the property, if the relator is not entitled to the writs he has no cause of complaint and does not even show an appealable interest. He can certainly suffer no irreparable injury, as his debt was recognized by the District Court and referred to the proceeds.
That part of the judgment in the rule complained of was only to protect the possession of the receiver, and did not determine ultimate rights of the relator. King vs. Wooten, (C. C. A.) 5 F. 612.
There was no appeal from the judgment appointing the receiver. Therefore this judgment can not be attacked collaterally in an answer to a rule instituted for the purpose of carrying into execution the original judgment. The judgment could only be annulled by injunction or a suspensive appeal. Elder vs, Judge, 30 An. 229; State ex rel. Schmidt vs. Judge, 27 An. 703; Boutte vs. Executor, 30 An. 177.
. The relief prayed for is denied and the rule granted herein discharged.
Rehearing refused.
Mr. Justice Parlange takes no part.