LAND, J.
The petition of the relator represents in substance that he was a mem *519 ber of a partnership known as the Mitchell-Borne Construction Company, composed of Michael Mitchell, Benjamin F. Borne, William F. Kelly, and John O. Chisholm, which was organized for the purpose of carrying out a large contract with the sewerage and water board of the city of New Orleans for constructing a part of the drainage, sewerage, and water system of said city; that the operation of said partnership from its beginning to its end will involve the expenditure and disbursement of several hundred thousand dollars; that said contract has been partially executed, but much remains to be done before the same shall have been completed ; and that the assets of said partnership exceed -§100,000 in value.
Relator further represents that Benjamin F, Borne was killed by an accident occurring in the operations under said contract; that thereupon T. Walter Danziger was appointed receiver of said partnership, and acted as such until some time in December, 1913, when he absconded from the- city of New Orleans, leaving his affairs in a disorganized condition, after having abused several positions of trust, including that of the receivership of said partnership.
Relator further represents that on December 26, 1913, Michael Mitchell, one of said partners, on the application of himself and of Mrs. Emma Davis, widow of said Borne, and administratrix of his estate, and of John O. Chisholm, was appointed receiver of said partnership, without notice of any kind to the relator; and that, as soon as relator was informed of said appointment, he filed a motion for a new trial and a petition of intervention, and prayed that the judge below reopen the proceedings so that the relator might be represented and heard on the question of the necessity for the appointment of another receiver, and upon the question of the selection of a suitable person to fill said position.
The relator further represents that, on the hearing of said motion and intervention, Michael Mitchell filed a plea of res ad judicata based on the order or judgment of July 9, 1913, by which the said Danziger was appointed, which plea the judge below sustained, and refused to hear evidence offered by the relator to prove that the financial condition of said partnership, in relation to said contract, had so changed or improved that there was no further need of a receiver.
Relator after setting forth reasons why the receivership should be terminated, and, if not, why Michael Mitchell should not be appointed receiver, further represents that, within ten days from the date of the order appointing Mitchell receiver, he petitioned for a suspensive appeal therefrom, but that the judge below refused to grant him an appeal of any kind.
Wherefore relator prays for a writ of prohibition restraining said judge from proceeding any further in the receivership of said partnership, and from granting or issuing any orders or judgments therein, until the further orders of this court, and after due proceedings had for a writ of mandamus commanding said judge to grant to the relator a suspensive appeal as prayed for by him.
The respondent judge in his answer avers that the relator, in the proceedings leading up to the appointment of Danziger, as receiver, admitted the necessity of such appointment; that Danziger qualified as receiver and continued the work as contemplated under the contract with the sewerage and water board until his disappearance on December 23, 1913; that on December 26, 1913, Michael Mitchell, the estate of Borne, through its legal representatives, and John O. Chisholm petitioned the civil district court, alleging the absence of Danziger and his abandonment of the work, and, the work being public in character and admitting of *521 no delay in its execution, your respondent, after hearing and being satisfied of the abandonment thereof and disappearance of Danziger, entered judgment removing him from office as receiver, and appointing Michael Mitchell as receiver, vice Danziger, former receiver, who had absconded.
The question of the necessity of the receivership, and the scope of the administration of the receiver, was settled by a final judgment of the court rendered in July, 1913. Belator was a party to these proceedings, and in his answer prayed for the appointment of a certain person as receiver with full power to carry out the contract of the partnership with the sewerage and water board. Belator in his petition to this court represents that the said contract has been only partially completed, and that its completion will involve the expenditure of large sums of money. It is obvious that the court a qua, having, on the petition of the relator and other parties in interest, undertaken to administer and liquidate the affairs of the partnership, is bound to continue such administration, until a 'liquidation can be effected according to law. The suspension of the administration of the receiver pending an appeal would in all probability lead to the dissolution of the contract of the partnership with the sewerage and water board. Such a result might work irreparable damage to all parties in interest, including the relator.
The lawmaker foresaw and provided against the suspension, by appeal, of the functions of administrates, curators, tutors, syndics, etc., by declaring that judgments appointing such representatives should be executed provisionally, although an appeal has been taken from the same within the delay prescribed. Code of Practice, arts. 580, 1059. This rule has been applied to liquidators of partnerships. State ex rel. Dubuisson v. Judge, 14 La. Ann. 240. In more than one case our predecessors have assimilated a liquidator of a partnership to an administrator or succession representative. Notrebe v. McKinney, 6 Rob. 13; Executors v. Schenck et al., 41 La. Ann. 464, 6 South. 517. Often, as in the case at bar, the liquidator represents the interest of the succession of a deceased partner in the assets of the firm.
It has been held that the appointment of a receiver or liquidator to a partnership is left in a great measure to the sound discretion of the court. Pratt v. McHatton, 11 La. Ann. 260; McNair v. Gowvier, 40 La. Ann. 353, 4 South. 310.
Articles 109 and 133 of the Constitution of 1898 provide that district courts shall have jurisdiction ‘‘of all proceedings for the appointment of receivers or liquidators to corporations or partnerships.” By Act 159 of 1898, the Legislature provided rules for the appointment of receivers to corporations, but has not as yet provided rules for the appointment of receivers or liquidators to partnerships. In the absence of definite rules, the courts seem to have followed the equity practice relating to the appointment of receivers to partnerships.
In this case the judge below did nothing more than substitute one receiver for another who had absconded. This action he considered imperative in order to preserve the interest of the partnership in the contract with the sewerage and water board. A provisional administration, pending an appeal, includes all conservative acts necessary to preserve the assets of the partnership from loss and damage. In the case at bar the only valuable asset of the partnership appears to be its contract with the sewerage and water board, and the carrying out of such contract by the receiver may be necessary to prevent its dissolution for nonperformance on the part of the partnership, and a possible claim *523 for damages. The relator has an adequate remedy by a devolutive appeal.
It is therefore ordered that relator’s application for a mandamus be denied and. dismissed, with costs.
PROVOSTY, J., being absent on account of illness, takes no part.