No. 1869.

## Second Circuit Appeal.

### W. T. PHILLIPS v. K. C. RAY.

(Feb. 3, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Partnership—Par. 82, 83.**

A partnership to drill an oil well is not commercial partnership under Article 2825 of the Civil Code, but an ordinary partnership under Article 2826, and the losses are borne equally under Article 2865.

2. **Louisiana Digest—Partnership—Par. 82, 83.**

Where a payment is made by an ordinary partner (who is liable only for his share) without specifying that it is for his share, the payment will be imputed to the whole debt and not merely to his share.

On Appeal from the City Court, City of Shreveport, Louisiana, Hon. Donald C. Dickson, Judge ad hoc.

This is a suit to recover the balance due on a contract brought against one partner.

There was judgment for plaintiff for part of the balance due and defendant appealed.

Judgment affirmed.

A. P. Garland, of Shreveport, attorney for plaintiff and appellee.

Wallace, Lyons & Peters, of Shreveport, attorneys for defendant and appellant.

ODOM, J. Plaintiff alleges that defendant is due him the sum of $300.00 and sets up the following as his cause of action,

Paragraph II of his petition reads as follows: "That your petitioner, on or about January 2, 1921, constructed for the said K. C. Ray, on a tract of land situated near Jonesboro, Louisiana, one 112-foot derrick for the agreed price of four hundred and fifty dollars ($450.00), of which one hundred and fifty dollars ($150.00) has been paid by said K. C. Ray."

Defendant answered denying that he is due plaintiff any sum but admits that he did pay plaintiff $150.00 as alleged, but denies that in doing so he acknowledge liability to plaintiff in any sum whatever.

He sets up, in the alternative, that he was a member of a particular partnership composed of one E. J. Roller and ten other persons, all of whom reside in the state of Michigan (none of them being named by him); that said particular partnership was formed for the purpose of drilling a well for oil on land situated near Jonesboro, Louisiana, the cost of said well to be paid for equally by all of said members of said particular partnership; and that therefore "defendant was liable for only one twelfth of $450.000, or the sum of $37.50, and that he had more than paid said sum to the plaintiff".

He further alleges in the alternative, that if the court should hold that the partnership was not composed of twelve persons "then in that event defendant avers that he and one E. J. Roller formed a particular partnership for the limited purpose of drilling a well for oil near Jonesboro, Louisiana; that E. J. Roller employed plaintiff to erect a derrick on said land at a cost of $450.00; that he is liable to plaintiff in the sum of $225.00 of which he has paid $150.00, leaving a balance due of $75.00, which he admits owing to the plaintiff".

The case was tried, and resulted in a judgment for $150.00 in favor of plaintiff, from which defendant appeals.

Plaintiff answered the appeal asking that the judgment be amended so as to allow him the full amount sued for.

### OPINION.

The testimony makes it perfectly clear that plaintiff erected a derrick on some land near Jonesboro, Louisiana, for defendant and one E. J. Roller who is not made

a party to this suit, at an agreed price of $450.00. Of this amount there remains due the sum of $300.00, the defendant Ray having previously paid plaintiff the sum of $150.00.

It is plaintiff's contention that the defendant Ray and said E. J. Roller were commercial partners, each being bound for the entire debts of the partnership.

On the contrary, defendant contends that the business in which he and said Roller were engaged was not a commercial partnership but a particular or ordinary one and that each of the partners is liable for only his virile share of the debt. Therefore he pleads that his portion of the debt was $225.00 on which he has paid $150.00, leaving a balance of $75.00 due by him.

The allegation that the partnership was composed of twelve persons seems to have been abandoned, as defendant in his testimony mentions no one except himself and Roller.

Of course, if the partnership between defendant and Roller was a commercial one, defendant is bound for the entire balance due.

If, on the contrary, it was an ordinary partnership, then defendant is bound for not more than one-half of it.

From the fact that the judge of the lower court rendered judgment for $150.00, it is evident that he considered that the partnership was an ordinary one.

As to the nature of the business engaged in by the defendant and Roller there is no testimony except that of the defendant himself. He says that he and Roller were to drill a well near Jonesboro, Louisiana; that Roller was to raise the money and he, Ray, to look after the drilling of the well; that he was to own a two-fifths interest, Roller a two-fifths interest; and the parties who furnished the money with which to drill the well were to own the remaining one-fifth interest therein.

He says they failed to get the money and that they got no further with the enterprise than the building of the derrick. From the facts it is evident that this was not a commercial partnership. Article 2825 Civil Code provides:

"Commercial partnerships are such as are formed:

"1. For the purchase of any personal property, and the sale thereof, either in the same state or changed by manufacture.

"2. For buying or selling any personal property whatever, as factors or brokers.

"3. For carrying personal property for hire, in ships or other vessels."

In the case of Shreveport Ice & Brewing Co. vs. Mandel Bros., 128 La. 314, 54 South. 831, the court made use of this expression:

"It is true that a commercial firm as such cannot acquire real estate, because the law defines commercial partnerships to be such as are formed for the buying and selling of personal property and the carrying of such property for hire by ships or other vessels."

These parties were not engaged in a commercial enterprise such as is meant in Article 2825 of the Civil Code. The partners are not, therefore, bound *in solido* for the debts of the enterprise but only jointly; each partner being bound only for his virile share.

Defendant Ray paid $150.00 on the debt. He says he borrowed that amount and paid it to plaintiff because plaintiff was "broke" and needed help. He now claims that the amount which he paid should be credited on his share of the debt.

The amount of the debt was $450.00. Plaintiff demanded payment of the debt and defendant paid or had a friend to pay on the debt the sum of $150.00. He made no reservation at the time of payment. He did not at that time claim to the plaintiff that he was owing only one-half of the amount of the debt. Plaintiff credited the payment on the entire debt, thereby reduc-

ing it to $300.00. We see no reason why the creditor should not have imputed this payment to the entire debt. If the defendant had intended to have this payment imputed to his share of the debt he should have raised the point at the time of payment.

Our conclusion is, that this was an ordinary partnership and that the partners were not bound *in solido*, and that the payment was properly imputed to the whole debt, leaving defendant bound for one-half the balance of the debt, which balance amounted to $300.00.

For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.