**POSEY v. FARGO et al.**

No. 1643.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

Jos. A. Loret and Fred G. Benton, both of Baton Rouge, for appellants.

Lamar E. Colvin, of Mansfield, for appellee.

LE BLANC, Judge.

On October 17, 1934, plaintiff, William L. Posey, obtained a judgment against the defendants, G. K. Fargo and Edward F. Hoeft, in the Eleventh judicial district court sitting in and for the parish of Sabine, for the sum of $1,389.92. The defendants Fargo and Hoeft were engaged in an oil venture in the parish of Sabine, and the plaintiff's claim was for material and supplies furnished with other parties who had assigned him their claims, and for work performed in erecting a standard rig on a well which produced oil. On representing to the court that the defendants were nonresidents, plaintiff obtained a writ of attachment under which their property was seized, including the oil well and equipment and, at the sale thereof by the sheriff of Sabine parish, yielded a sum only $69.37 in excess of the amount of the costs, which sum was duly credited on the writ.

Plaintiff's suit in which he obtained the judgment referred to had been filed May 16, 1934, and while same was pending, on June 12, 1934, one R. P. Bartlett, another creditor of the defendants, initiated a receivership proceeding in the same district court in Sabine parish, against the defendants, in which he alleged that they were operating, as partners, in the drilling of the oil well, and that as they had both left the state, there was no one left with authority to manage and take care of the interests of the said partnership. He accordingly prayed for a rule nisi against a curator ad hoc whom he also asked to be appointed to represent the absent defendants, asking for the appointment of a receiver to take possession of the assets of the partnership and to administer the same as the court might direct. The defendants appeared in answer to the rule through their own counsel and virtually admitted all the allegations of the petition asking for the appointment of a receiver. The court heard the rule and on June 14, 1934, rendered judgment appointing Bartlett himself, receiver, with full power to take charge of and manage the affairs of the partnership.

Bartlett qualified as receiver at once and obtained various orders from the court, one of which was to order the sheriff to surrender and deliver possession of the property which he held under the attachment issued in plaintiff's suit, and to operate the same in the management of the oil production from the well, all subject, however, to the rights and claims of the privilege asserted against the same by plaintiff.

At a subsequent date, that is, January 16, 1935, the receiver presented to the court a petition in which he alleged that prior to the period of the receivership, certain oil produced from the properties of the defendant partnership had been sold and delivered to the Standard Oil Company and for which that company acknowledged its indebtedness in the sum of $1,851.45, but which it declined to pay because certain liens, including one by plaintiff, had been filed in the recorder's office of Sabine parish against the defendants. He accordingly prayed for a rule to issue against all the named lien claimants and the Standard Oil Company, ordering them to show cause why the said Standard Oil Company should not be authorized and directed to pay over to him, in his capacity as receiver, the amount due by it to the partnership.

All parties defendant in the rule filed certain pleas in answer thereto, among them being a plea by the Standard Oil Company to the jurisdiction of the court of Sabine parish. The plaintiff herein joined the Standard Oil Company in its plea to the jurisdiction of the court and also filed an answer in which it joined that company in its refusal to turn over the funds to the receiver.

On January 24, 1934, the plea to the jurisdiction of the court on behalf of the Standard Oil Company was sustained by the district court of Sabine parish and the

514

rule dismissed in so far as it affected that defendant. On the following day, plaintiff herein obtained an alias writ of fieri facias addressed to the sheriff of East Baton Rouge parish, under which the present garnishment proceeding was instituted against the Standard Oil Company on January 25, 1934. As a result of the answers of the Standard Oil Company to the interrogatories propounded to it, that company finally deposited the full amount of $1,851.45 held by it, with the clerk of the district court of East Baton Rouge parish, and all parties claiming any rights or liens against it were given the opportunity of asserting their respective claims. All claims seem to have been later withdrawn or were not proven except that of the receiver, Bartlett, who still contends that the funds should be turned over to him in his capacity as receiver to be administered in due course and proper order, in the receivership proceedings in the district court of Sabine parish; that of the plaintiff herein who contests the right of the receiver because of the illegality of his appointment, and insists on his right to the fund by reason of his seizure, and that of a party named O. C. Gaunce, who claims the sum of $600 still due him from a sale of a one half interest in the oil and mineral lease involved in this litigation.

Upon trial of the issues as thus presented to the district court of East Baton Rouge parish, there was judgment dismissing the garnishment proceedings and ordering the clerk of the district court to pay over to R. P. Bartlett, receiver, the sum of money in his hands, after deducting the amount of costs ordered paid therefrom, and rejecting the demands of all other claimants. From that judgment, plaintiff Posey and the claimant Gaunce have both taken an appeal to this court.

Plaintiff's proceeding appears now to have taken more the form of an attack against the appointment of the receiver to the defendants' alleged partnership, by the district court of Sabine parish, than anything else. Indeed, he can only hope to recover if he can demonstrate to the court that the said appointment was illegal. With this thought in mind, the question which then suggests itself is: Can he here collaterally attack the proceedings had in that court? We doubt very much that he can. Whilst he was not a party to the original proceeding in which application was made for the appointment of a receiver, he nevertheless was, at that time, a creditor of the defendants, with a suit pending against them, and did not object to or oppose the application. He later on took part in the proceeding itself, joining the Standard Oil Company, in its refusal to turn over to the receiver the very same fund which is now in contest. It is true that in his answer, after having filed various exceptions, he did allege a mere legal conclusion to the effect that the receiver was not "a duly qualified receiver," but he did not press that issue and seemed to have been satisfied with the disposition of the matter on a plea to the jurisdiction of the court on behalf of the Standard Oil Company, in which he had joined.

But it does not seem to be necessary for us to have to pass on the question of his right to here attack the appointment, as the receiver has met the issue on which the attack is based and appears willing to have the matter disposed of on that issue.

The issue, as presented, involves two questions, as the attack against the receiver is based on the ground, first, that there never existed a partnership between the two defendants Fargo and Hoeft; and, second, granting that there was a partnership, there is no authority in the law of this state for the appointment of a receiver to a partnership.

We are of the opinion that on the record as made in this case from the various records introduced from the district court of Sabine parish, as well as from the law as established by the jurisprudence in this state, from the joint venture of these two defendants in the drilling and bringing in of an oil well in Sabine parish, there resulted an ordinary partnership under article 2826 of the Revised Civil Code. In the case of W. T. Phillips v. K. C. Ray, 1 La.App. 584, the plaintiff Phillips was endeavoring to hold the defendant Ray as a partner in solido, for the full amount of a claim due by him and another party named Roller. These two, like the defendants in this case, were engaged in drilling an oil well. The defense of Ray was that the partnership between him and Roller was not a commercial one, but merely an ordinary partnership in which each partner was only liable for his virile share of the debts. The court sustained that defense in announcing its conclusion that there was an ordinary partnership be-

tween the parties. In Green v. Hawkins & Antoon (La.App.) 144 So. 271, 273, the same question seems to have been again presented to the court, and we find this statement in the body of the decision: "We quite agree with defendants' counsel that a partnership engaged in drilling oil and gas wells is not a commercial partnership, under article 2825 of the Civil Code, but is rather an ordinary partnership, under article 2826 of the Civil Code." These two decisions, at least, positively stamp the enterprise of two or more individuals engaged in drilling an oil well with the label of an ordinary partnership.

That such was the nature of the business engaged in by the defendants is not disputed, and that they regarded themselves as partners is fully shown from the record in the receivership proceedings by admissions which they made to the allegations to that effect. Counsel for plaintiff contends that such admissions on their part could not of themselves constitute them partners. That may be so, but on examining some of the plaintiff's own pleadings in those proceedings, we find that he also, by certain judicial averments, came near admitting, if in fact he did not admit, that there existed some sort of partnership between these defendants. We refer to his allegation in paragraph 6 of his answer to the rule taken by the receiver against the Standard Oil Company which we have already mentioned, and in which he states: "Further answering, defendant in rule shows that the realty of the *partnership of Geo. K. Fargo and Edward F. Hoeft,* is the property of the co-owners thereof, and cannot be administered in receivership, or in settlement of *the partnership* affairs * * *." (Italics ours.) The only implication which comes from that averment is that whilst the realty which they may have owned together did not belong to the partnership, there nevertheless existed a partnership of some kind, and necessarily that was the partnership between these two defendants in the drilling and operation of an oil well. It would be impossible to reconcile plaintiff's present contention that there never existed a partnership between these two individuals, with his judicial declaration contained in his pleading in the receivership proceeding and which we have just quoted verbatim. We are satisfied that their oil venture with their respective proportions therein constituted an ordinary partnership between the defendants, and this brings up for consideration the second proposition advanced by the plaintiff, namely, that our law does not in its present form provide for the appointment of a receiver to a partnership.

Plaintiff's contention is that prior to 1898, our law made no mention of receivers whatever and that the courts, in recognizing the rights of parties appointed to liquidate the affairs of partnerships, referred to them indiscriminately as receivers or liquidators, and whilst the Constitution of 1888 conferred upon the Legislature the authority to provide for the appointment of receivers to corporations and partnerships and the Legislature, acting under that authority, did enact Act No. 159 of 1898 providing for the appointment of receivers to corporations, it did not provide and has not yet provided for the appointment of receivers to partnerships. In the absence of statutory authority, it is urged that the courts are without right to make any such appointment as did the district court of Sabine parish in this case.

But it seems to us that the Constitution itself directly conferred jurisdiction on the courts to appoint receivers to both corporations and partnerships and all that the Legislature did when it enacted Act No. 159 of 1898 was to provide rules for the appointment of receivers to corporations. The same jurisdiction was directly vested in the district courts by the Constitution of 1921, for we find that by section 35 of article 7, the district courts are to "have unlimited and exclusive original jurisdiction in all criminal cases; * * * and in all proceedings for the appointment of receivers or liquidators to corporations or partnerships." There has been no further statutory enactment, and the Legislature apparently seems to have been satisfied with the jurisdiction thus conferred on the courts by the constitutional provision.

However, even though this authority appearing in the Constitution itself were to be regarded as insufficient, the Supreme Court in the case of In re Mitchell-Borne Construction Co., 134 La. 518, 64 So. 397, 398 (that being a case in which the court seemed to have regarded Act No. 159 of 1898 as one merely providing rules for the appointment of receivers to corporations),

recognized the right of the courts to appoint receivers for partnerships as well, for, in commenting on the fact that the act did not provide rules for their appointment in cases of partnerships, it said: "In the absence of definite rules, the courts seem to have followed the equity practice relating to the appointment of receivers to partnerships," and by its action ratified the appointment which had been made in that case. Counsel for plaintiff seek to assimilate the term "receiver" as used by the court to the one of "liquidator" as used indiscriminately before the matter of appointing receivers became incorporated in the Constitution of the State, and contend that even though using the term "receiver" all that was meant was that it really referred to liquidators appointed to manage the affairs of a dissolved partnership, which is not the case here. We do not so construe the language of the Supreme Court and are of the opinion that it meant to apply the term "receivers" as contemplated in the article of the Constitution, regardless whether their duties involved managing the affairs of the partnership as a going concern or one that had been dissolved.

Feeling satisfied that the receiver in this case had been legally appointed, we conclude that he was the proper party to receive the fund in controversy and the lower court correctly ordered it turned over to him.

With regard to the claim of O. C. Gaunce, we are of the opinion that no matter what its nature may be, he is bound by the judgment which recognizes the right of the receiver to receive the fund in controversy, in so far as this proceeding is concerned. If the receiver is entitled to that fund from the hands of the district court of East Baton Rouge, he should receive it without any restrictions or limitations and make due accounting thereof in the court in which his proceedings are being conducted. It may be that he will recognize as valid the very claims here contested. If he does not, certainly these parties will have an opportunity of then contesting them with him.

We think that the judgment appealed from made proper disposition of all issues before the court, and for that reason it stands affirmed.

Judgment affirmed.