198 So. 883

SKLAR v. KAHLE.

No. 35909.

Nov. 4, 1940.

R. A. Fraser, of Many, for plaintiff and appellee.

J. S. Pickett, of Many, for defendant and appellant.

O'NIELL, Chief Justice.

The defendant is appealing from a judgment appointing a receiver to take charge of the property and business of a partnership between the plaintiff and defendant. The plaintiff has moved to dismiss the appeal on the ground that it was not made returnable in ten days from the date of the order. The appeal was taken and perfected by the filing of the bond within ten days from the date of the judgment, but was made returnable on the twentieth day after the date of the order of appeal. The record was filed in this court on the next day after the return day.

The appellee contends that the case is governed by Act No. 159 of 1898, which is the act authorizing and regulating the appointing of receivers of corporations. The 4th section of the act requires that an appeal from an order appointing or refusing to appoint a receiver "must be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver", and "shall be returnable in ten days from the date of such order". In such cases an appeal is "perfected" by the filing of the appeal bond. Crichton v. Webb Press Co., 107 La. 86, 31 So. 648; In re Louisiana Driving & Racing Club, 120 La. 268, 45 So. 127. In Crichton v. Webb Press Co. and again in Louque v. Hercules Oil Co., 165 La. 143, 115 So. 416, it was intimated that the ten days in which the appeal was made returnable should be computed not from the date of the order of appeal but from the date of the order appointing or refusing to appoint the receiver. But the statement on that subject was not necessary for the decision in either of those cases; for in the Crichton case the appeal bond was not filed within ten days from the date of the order or judgment refusing to appoint a receiver, and in the Louque case the appeal was made returnable more than ten days after the date of the order of appeal. Of course, if the allowance of ten days for preparing and filing the transcript in the appellate court, in such cases, means an allowance of only ten days from the date of the judgment or order appealed from—instead of ten days from the date

of the order granting the appeal—the allowance of ten days in which to take and perfect such an appeal by the filing of the bond means nothing. It is not necessary, however, to decide in this case whether the ten days in which such an appeal "shall be returnable" are to be computed from the date of the judgment or order appealed from, or from the date of the order granting the appeal; because, under either construction of section 4 of Act No. 159 of 1898, the appeal was made returnable too late—and the record was filed in this court too late—if the case is governed by the act of 1898. On the other hand, if the case is not governed by the act of 1898, it is governed by the general law on the subject, Act No. 106 of 1908, which requires the judge, "in all cases, civil or criminal", to fix the return day in his order granting an appeal, not less than 15 nor more than 60 days from the date of the order granting the appeal. That is the statute which the judge followed in this case; and if that is the law of the case the record was filed in this court within the time allowed, because it was filed within the three days of grace allowed by article 883 of the Code of Practice.

Our opinion is that Act No. 159 of 1898 is not applicable to a case like this, where a so-called receiver—more properly called a liquidator—is appointed to take charge of and liquidate the affairs of a partnership. The statute, in its title and in its text, refers only to receivers of corporations—not to receivers or liquidators of partnerships. The act is entitled "An Act To authorize and regulate the practice of appointing receivers of corporations under

Article 109 and 133 of the Constitution." These articles in the Constitution of 1898 —article 109 referring to the District Courts throughout the state and article 133 referring to the Civil District Court for the Parish of Orleans—conferred upon the courts jurisdiction of all proceedings for the appointment of receivers of corporations or liquidators of partnerships. The same provision is retained in Section 35 of Article VII of the Constitution of 1921. The expression is that the district courts "shall have unlimited and exclusive original jurisdiction * * * in all proceedings for the appointment of receivers or liquidators to corporations or partnerships". The ordinary meaning of that is "receivers of corporations or liquidators of partnerships".

In the case entitled In re Mitchell-Borne Construction Co., 134 La. 518, 64 So. 397, 398, it was observed that Act No. 159 of 1898 did not authorize the appointment of a receiver or liquidator of a partnership, and that the courts had merely followed the equity practice in appointing liquidators, sometimes called receivers, of partnerships. The court said:

"Articles 109 and 133 of the Constitution of 1898 provide that district courts shall have jurisdiction 'of all proceedings for the appointment of receivers or liquidators to corporations or partnerships.' By Act 159 of 1898, the Legislature provided rules for the appointment of receivers to corporations, but has not as yet provided rules for the appointment of receivers or liquidators to partnerships. In the absence of definite rules, the courts

seem to have followed the equity practice relating to the appointment of receivers to partnerships."

In Harvey v. Gartner, 136 La. 411, 67 So. 197, Ann.Cas.1916D, 900, on the original hearing and again on rehearing, it was said that, according to 34 Cyc. 17, and according to article 274 of the Code of Practice, the appointment of a receiver was an equitable remedy, in the nature of a judicial sequestration.

When the case entitled In re Liquidation of Mitchell-Borne Construction Co. came before the court finally, on oppositions to the final account of the receiver, 145 La. 379, 82 So. 377, 379, it was said again that there was no statute authorizing the appointment of a receiver for a partnership, such as Act No. 159 of 1898, authorizing the appointment of receivers for corporations. The court referred to the so-called receiver in the case in hand, indiscriminately, as a receiver or liquidator, thus: "Thereupon a receiver or liquidator was appointed to the partnership." It was said that the authority to appoint a receiver or liquidator of a partnership was found in the equity power conferred upon the courts by article 21 of the Revised Civil Code—as it was with regard to appointing receivers for corporations before the adoption of the act of 1898. And it was held, finally, that the effect to be given to the administration by the receiver, in the case before the court, was in the nature of an arrangement acquiesced in by the partners, their representatives, creditors, and all parties concerned; and that, as they had permitted the work to be continued and the services to be performed by the receiver, without objection, they could not be heard to complain, "and the court is justified in treating the matter much in the same manner as if it were entirely regular and sanctioned by express law."

The latest decision on this subject is found in Posey v. Fargo, 187 La. 122, 174 So. 175. There it was repeated that the only authority for the courts to appoint receivers for partnerships was to be found in the equity powers conferred by article 21 of the Civil Code, and that no such authority was conferred by Act No. 159 of 1898, which had reference only to receivers for corporations. In that case the receiver was appointed by a consent judgment rendered by the district court in Sabine parish, where the partnership had its domicile and conducted its business. The authority of the court to make the appointment was challenged afterwards by a creditor in a garnishment proceeding in East Baton Rouge parish. After quoting with approval the paragraph which we have quoted from the opinion in the case entitled In re Mitchell-Borne Construction Co., 134 La. 518, 64 So. 397, 398, the court said that inasmuch as the district court in Sabine parish had jurisdiction in the premises the appointment of the receiver could not be attacked collaterally.

The jurisprudence on the subject, therefore, has left no doubt that the practice of appointing liquidators for partnerships—even though they may be called receivers instead of liquidators—is not governed by Act No. 159 of 1898, the object of which is declared in its title to be merely to authorize and regulate the practice

of appointing receivers of corporations. Under that title we doubt that the statute could be construed as authorizing and regulating the appointment of receivers for partnerships, without doing violence to the constitutional requirement that the title of a statute must be indicative of its object. The provisions in the statute itself, for the most part, show that it was not intended to authorize or regulate the appointment of receivers of partnerships. For example, the causes for which a receiver may be appointed, first, at the instance of any stockholder, second, at the instance of any stockholder or creditor, third, at the instance of any mortgage or privilege creditor, and, fourth, at the instance of any creditor, are not applicable to a partnership, as they are to a corporation. It is sufficient, however, to rest this decision upon the settled jurisprudence which maintains that the act of 1898 is not applicable to the appointment of a liquidator—even when he is called a receiver—of a partnership. Hence it follows that the time limit for taking and perfecting an appeal from an order making such an appointment, or the time in which such an appeal is made returnable, is not fixed in the 4th section of this act, but is governed by the general law on the subject of appeals,—Act No. 106 of 1908.

The law allows a devolutive appeal, but not a suspensive appeal, from an order appointing or removing a liquidator of the affairs of a partnership. State ex rel. Dubuisson v. Judge, 14 La.Ann. 240. That is true also in a case where, in the order of appointment, the liquidator is called the receiver of the partnership. In re Mitchell-Borne Construction Co., 134 La. 518, loc. cit. page 523, 64 So. 397. All of which merely means that an appeal from an order or a judgment appointing a liquidator of a partnership, like an appeal from an order or a judgment appointing a receiver of a corporation, shall not interfere with the performing of such administrative acts by the liquidator or receiver as may be necessary for the preservation of the property intrusted to him.

The motion to dismiss the appeal is overruled.