AYRES, Judge.
This is an action for the liquidation of a partnership, to require defendant to render an accounting of its business and affairs, and, finally, for a partition of the partnership assets between the partners.
*613 The trial court concluded a dissolution of the partnership at this time would not be to the interest of the partnership and, hence, would be “unseasonable” and, accordingly, rejected plaintiff’s demands. From the judgment, plaintiff appealed.
Plaintiff, a carpenter by trade, and the defendant, a realtor by occupation, during January, 1964, entered into a partnership, each having an equal interest, under the name of “M & S Builders.” The partnership was for the construction of 15 residences on an identical number of lots of the Sand Hills Subdivision in Minden, Louisiana, which subdivision then comprised 52 unimproved lots, all owned by defendant. By this agreement plaintiff was to furnish his own labor and equipment and to supervise the construction of the residences. Defendant was to furnish the lots and provide for construction costs through loans to be obtained by him. As managing partner, defendant was charged with all the administrative work and record keeping.
The agreement contemplated that all the houses were to be sold and the profits divided equally between plaintiff and defendant. However, only two residences have been sold by the defendant and seven rented for various periods. Defendant conveyed title to 10 of the lots to the partnership, one of which was subsequently recon-veyed to defendant. This lot and the improvements were subsequently sold by him.
An extension of the agreement to include the repair of storm damages and the construction and sale of a residence to Lyles Wyche was entered into about May, 1964. This work was completed within a period of approximately four months. From the proceeds of the sale of the property to Wyche, plaintiff received $875.00. A sum in excess of $54,000.00 was deposited in the partnership’s checking account as income received from the storm-damage repair work. Defendant calculated a profit on this work of $22,579.75. However, he has not rendered plaintiff an accounting of the partnership business and affairs.
It appears important to mention only a few of the salient facts established in the voluminous record, comprising, among other things, documents and records filling a drawer of a conventional filing cabinet.
Defendant, in his individual income tax return for 1964, reported the sale of the two residences in the Sand Hills Subdivision as though owned by him individually and took advantage of a tax loss calculated on the sale. Disclosed is an indebtedness of at least $128,828.13 arising from interim financing for construction of the residences in the subdivision. A difference of $6,171.87 between the amount of the aforesaid indebtedness and $135,000.00 borrowed was unexplained. In explanation of the indebtedness, there is listed an item of $30,000.00 as “cost of the lots” furnished by the defendant at a price of $2,000.00 each. This sum was, however, never paid. A consideration of $55,000.00 was shown to have been paid by defendant for the 52 lots of the subdivision. Hence, a profit was claimed by defendant on the lots conveyed or to be conveyed to the partnership though the partnership agreement provided for an equal division of the profits on the construction.
This partnership has been inactive or dormant since 1964. Despite amicable demands, defendant has not rendered an accounting of the partnership business and affairs. Plaintiff has been unable to ascertain what profit or loss, if any, has been sustained by him in the venture.
In concluding that a dissolution of the partnership, as demanded by plaintiff, would be, at this time, “unseasonable,” the trial court pointed out that “a forced sale of these properties at this time would result in a substantial loss to both plaintiff and defendant and, as a matter of equity, dissolution of the agreement should be postponed,” as provided in LSA-C.C. Art. 2886.
It would, however, be unreasonable and inequitable to prolong the partnership relationship indefinitely with the administration of its affairs entirely in the *614 hands of the defendant who refuses to explain the partnership affairs and to account to plaintiff. In a business venture such as this, dormant and inactive for almost four years, plaintiff is entitled to an accounting and to be informed of the status of its affairs. Under the facts and circumstances disclosed in this record, and accepting the conclusion of the trial court that it would be unseasonable to dissolve the partnership at this time, it appears that it would be to the interest of the partnership and eventually to each of the partners that neither maintain absolute control without accounting to the other.
However, the appointment of a receiver or liquidator to a partnership is within the sound discretion of the trial court. Posey v. Fargo, 187 La. 122, 174 So. 175 (1937); In re Mitchell-Borne Const. Co., 134 La. 518, 64 So. 397 (1914).
In this connection it may be pointed out that Louisiana Constitution Art. 7, § 35, as did the 1898 Constitution Arts. 109 and 133, provides, with reference to district courts, that:
“They shall have unlimited and exclusive original jurisdiction * * * in all proceedings for the appointment of receivers or liquidators to corporations or partnerships, * *
Without supervision by the court of the partnership affairs through receivership or otherwise, it appears the partnership and plaintiff individually would likely suffer irreparable injury, loss, and damage.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered that this cause be, and it is hereby, remanded to the Honorable, the Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana, and reopened for additional and appropriate pleadings, if necessary, and for whatever additional evidence the partners may offer so that the court may reconsider the issues with reference to the dissolution and liquidation of the partnership or its receivership.
The cost of this appeal is assessed against defendant-appellee, all other costs to await final judgment.
Reversed and remanded.